1   WILLIAM H. COLLIER, JR., CASB No. 97491
    william.collier@kyl.com
2   STEFAN PEROVICH, CASB No. 245580
    stefan.perovich@kyl.com
3   KEESAL, YOUNG & LOGAN
4   A Professional Corporation
    400 Oceangate, P.O. Box 1730
5   Long Beach, California  90801-1730
    Telephone:    (562) 436-2000
6   Facsimile:    (562) 436-7416

7
    Attorneys for Third-Party Defendants
8   PACIFIC INTERNATIONAL LINES (PTE) LTD.
    and WAN HAI LINES LTD.

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13   TESORO INC., a California              )   Case No. CV08-02083 DSF (Ex)
     corporation,                           )
14                                          )   **MEMORANDUM OF POINTS**
                                            )   **AND AUTHORITIES IN**
15                         Plaintiff,       )   **SUPPORT OF THIRD-PARTY**
                                            )   **DEFENDANTS' MOTION TO**
16              vs.                         )   **DISMISS THIRD-PARTY**
                                            )   **PLAINTIFFS' COMPLAINT**
17   FORMOSA CONTAINER LINE,                )
     INC., a California corporation, and    )
18   DOES 1 through 10, inclusive,          )
                                            )   Date:
19                         Defendant.       )   Time:
                                            )   Place:
20   _____    )
     FORMOSA CONTAINER LINE,                )   Discovery Cutoff:
21   INC., a California corporation,        )   Motion Cutoff:
                                            )   Trial Date:
22              Third-Party Plaintiff,      )
                                            )
23              vs.                         )
                                            )
24   PACIFIC INTERNATIONAL LINES            )
25   (PTE) LTD., a foreign corporation,     )
     and WAN HAI LINES LTD., a              )
26   foreign corporation,                   )
                                            )
27              Third-Party Defendants.     )
                                            )
28

KYL_LB1163577

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. ii

I. INTRODUCTION ................................................................. 1

II. STATEMENT OF RELEVANT FACTS ................................ 3

III. ARGUMENT ....................................................................... 4

    A. MARITIME LAW MANDATES ENFORCEMENT OF THE FORUM SELECTION CLAUSE IN THE PIL BILL OF LADING........................................................................ 4

        1. The Forum Selection Clause in the PIL Bill of Lading is Mandatory and Enforceable, Formosa Cannot Prove Otherwise ......................... 8

    B. FORMOSA IS BOUND BY THE FORUM SELECTION PROVISIONS IN THE PIL BILL OF LADING. ................. 11

    C. FORMOSA CANNOT OVERCOME ITS BURDEN OF PROVING THAT ENFORCEMENT OF THE FORUM SELECTION CLAUSE IS UNREASONABLE OR UNFAIR....................................................................... 13

    D. FORMOSA'S THIRD-PARTY COMPLAINT MUST BE DISMISSED BECAUSE THE INTERESTS OF JUSTICE REQUIRE DISMISSAL NOT TRANSFER........................ 14

    E. THE DISMISSAL OF FORMOSA'S THIRD-PARTY COMPLAINT NECESSITATES DISMISSAL OF TESORO'S CLAIMS UNDER FRCP RULE 14(C). ............ 18

IV. CONCLUSION ................................................................. 18

KYL_LB1163577

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4
5

All Pacific Trading, Inc. v. Vessel M/V HANJIN YOSU,
    7 F.3d 1427 (9th Cir. 1993) .................................................... 11

6
7
8

American Home Assurance Co. v. TGL Container Lines, Ltd.,
    347 F. Supp. 2d 749 (N.D. Cal. 2004)............................. 8, 9, 15,
                                           17, 18

9
10

Carnival Cruise Lines, Inc. v. Shute,
    499 U.S. 585 (1991) ................................................ 2, 6, 13, 15

11
12

Continental Insurance Co. v. M/V ORSULA,
    354 F.3d 603 (7th Cir. 2003) .............................................. 16

13

Docksider, Ltd. v. Sea Tech., Ltd.,
    875 F.2d 762 (9th Cir. 1989) .......................................... 8–10

14
15

Fireman's Fund Insurance Co. v. M.V. DSR ATLANTIC,
    131 F.3d 1336 (9th Cir. 1997), cert. denied, 525 U.S. 921 (1998) ..... 2, 7

16
17

Great American Insurance Co. v. KAPITAN BYANKIN,
    1996 AMC 2754 (N.D. Cal. 1996)....................................... 7, 15

18
19

Kukje Hwajae Insurance Co., Ltd. v. M/V HYUNDAI LIBERTY,
    408 F.3d 1250 (9th Cir. 2005)........................................... 2, 11

20
21

Mitsui & Co. (USA), Inc. v. M/V MIRA,
    111 F.3d 33 (5th Cir. 1997) ............................................. 7, 11

22
23

Pasztory v. Croatia Line,
    918 F. Supp. 961 (E.D. Va. 1996) ......................................... 7

24
25

Roberson v. Norwegian Cruise Line,
    897 F. Supp. 1285 (C.D. Cal. 1995) ..................................... 17

26
27

Seven Seas Ins. Co. v. Danzas S.A.,
    1997 AMC 961, 962 (S.D. Fla. 1996)...................................... 7

28

Tai Kien Industrial Co. v. M/V HAMBURG,
    528 F.2d 835 (9th Cir. 1976) ............................................... 6

KYL_LB1163577

Talatala v. Nippon Yusen Kaisha Corp.,
        1997 AMC 1398 (D. Haw. 1997).............................................................7

The BREMEN v. Zapata Off-Shore Co.,
        407 U.S. 1 (1972) .................................................................. 2, 5, 6, 8,
                                                                                          13, 15

Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER,
        515 U.S. 528 (1995) ............................................................. 2, 5–7,
                                                                                          13, 15

## STATUTES

28 U.S.C. § 1406(a) ........................................................................... 14, 16

Federal Rules of Civil Procedure, Rule 12(b)(3) ..................................... 2, 16

Federal Rules of Civil Procedure, Rule 14(c) ................................ 1, 2, 16, 17

KYL_LB1163577

Third-Party Defendants PACIFIC INTERNATIONAL LINES (PTE) LTD. ("PIL") and WAN HAI LINES LTD. ("Wan Hai") (collectively the "Third-Party Defendants") move to dismiss the Third-Party Complaint of Third-Party Plaintiff FORMOSA CONTAINER LINE, INC. ("Formosa" or "Third-Party Plaintiff") on the grounds that venue is improper.  Venue is improper here because the forum selection provisions contained in the applicable bill of lading preclude Formosa and Plaintiff TESORO INC. ("Tesoro" or "Plaintiff") from bringing any claims against the Third-Party Defendants before this Court.

## I.

## **INTRODUCTION**

This matter involves the theft of a cargo of cameras that was being transported from Hong Kong, China to the Port of Long Beach, California, aboard the vessel *M/V WAN HAI 306*.  Formosa is the non-vessel operating common carrier ("NVOCC") that arranged for the transport of the cargo. Tesoro asserted claims against Formosa alleging that Tesoro is the beneficiary/consignee of a bill lading issued by Formosa to Tesoro for the shipment.  In turn, Formosa brought its third-party claims against the Third-Party Defendants alleging that it is the consignee of a separate bill of lading issued by PIL for the shipment, and is therefore entitled to all bene-fits, including contribution and/or indemnity, under the PIL bill of lading.

Tesoro has not asserted any claims directly against the Third-Party Defendants.  There is no privity of contract between Tesoro and the Third-Party Defendants; however, the claims alleged in Formosa's Third-Party Complaint under Rule 14(c) of the Federal Rule of Civil Procedure ("FRCP"), allow Tesoro to bring claims against the Third-Party Defendants directly under the PIL bill of lading.

- 1 -

KYL_LB1163577

1    The Third-Party Defendants deny any and all allegations contained in

2   the Formosa's Third-Party Complaint.  The Third-Party Defendants bring

3   this Motion to Dismiss the Third-Party Complaint based upon the fact that

4   this is not the agreed upon forum for this dispute.  Pursuant to the PIL bill

5   of lading, (under which Formosa alleges to be a beneficiary, and under

6   which Tesoro has been made an alleged beneficiary pursuant to FRCP

7   Rule 14(c)), any claims against the Third-Party Defendants involving cargo

8   that is shipped to and from the United States can only be brought before the

9   courts of Singapore or the United States District Court for the Southern

10   District of New York.  Therefore, venue is not proper before this court.

11    This motion is based on three controlling United States Supreme

12   Court decisions that have found forum selection clauses in maritime con-

13   tracts to be *prima facie* valid and have mandated their enforcement.  The

14   BREMEN v. Zapata Off-Shore Co., 407 U.S. 1 (1972); Carnival Cruise

15   Lines, Inc. v. Shute, 499 U.S. 585 (1991); and Vimar Seguros Y Reaseguros,

16   S.A. v. M/V SKY REEFER, 515 U.S. 528 (1995).  The Ninth Circuit has fol-

17   lowed this precedent by enforcing forum selection clauses in bills of lading.

18   See, e.g., Fireman's Fund Ins. Co. v. M.V. DSR ATLANTIC, 131 F.3d 1336,

19   1339 (9th Cir. 1997), cert. denied, 525 U.S. 921 (1998).  Application of these

20   cases to the present case requires that Formosa's Third-Party Complaint be

21   dismissed based on improper venue pursuant to FRCP Rule 12(b)(3).[1]

22

23   ///

24   _____

25   [1] A motion to dismiss based on a forum selection clause is considered under
    FRCP Rule 12(b)(3).  As such, the court may consider the facts outside the
26   pleadings, and is not required to accept the pleadings as true.  Kukje
    Hwajae Ins. Co., Ltd. v. M/V HYUNDAI LIBERTY, 408 F.3d 1250, 1254
27   (9th Cir. 2005).

28

## II.

## STATEMENT OF RELEVANT FACTS

This action arises out of the theft of a cargo of digital cameras from a container.  It is not known when or where the theft occurred during the course of transporting the container from the manufacturer's facility in China to Tesoro's facility in California.  However, the container was shipped from the Port of Hong Kong to the Port of Long Beach by PIL aboard the vessel *M/V WAN HAI 306*.  The terms upon which the Third-Party Defendants performed the ocean carriage were contained in PIL bill of lading No. PABV00000308 dated March 27, 2007 ("the PIL Bill of Lading") (see Exhibit "A" to the Declaration of Meixian Wang ("Wang Decl.")).

"Clause 29(2) Law and Jurisdiction" of the terms and conditions on the reserve side of the PIL Bill of Lading establishes a mandatory and enforce-able forum selection clause.  Clause 29(2) provides that any claims against the Third-Party Defendants must be determined by the courts of Singapore, to the exclusion of the courts of any other country.  "Clause 30(4) USA Clause Paramount" of the PIL bill of Lading references Clause 29(2) in order to provide a single exception to Clause 29(2) that becomes effect on the condition that cargo is carried to or from the United States. Clause 30(4) provides that in addition to the courts of Singapore, in the event that cargo is carried to or from a port in the United States, claims against the Third-Party Defendants may also be determined by United States District Court for the Southern District of New York.  Clause 29(2) and Clause 30(4) state:

**29.   Law and Jurisdiction**

(2)   Any claim against the Carrier hereunder shall be determined by the Singapore courts to the exclusion of the jurisdiction of the courts of another country.  The Carrier shall

KYL_LB1163577

1   however be entitled to pursue any claim against the Merchant in

2   Singapore or in any other jurisdiction in which the Merchant has

3   assets.

4   **30.   USA Clause Paramount (if applicable)**

5       (4)   Notwithstanding the provisions of Clause 29, if

6   Carriage includes Carriage to, from or through a port in the

7   United States of America, the merchant may refer any claim or

8   dispute to the United States District Court for the Southern

9   District of New York in accordance with the law of the United

10   States of America.

11   Wang Decl. ¶¶ 10–11.

12   Given that a dispute has arisen between Formosa and the Third-Party

13   Defendants involving cargo shipped to the United States, Formosa's claims

14   against the Third-Party Defendants may be brought only before the courts

15   of Singapore or before the United States District Court for the Southern

16   District of New York.  As discussed below, United States maritime law

17   requires that the mandatory forum selection provisions in the PIL Bill of

18   Lading be enforced and that all claims against the Third-Party Defendants

19   before this court be dismissed.

20

21   **III.**

22   **ARGUMENT**

23   **A.   MARITIME LAW MANDATES ENFORCEMENT OF THE**

24   **FORUM SELECTION CLAUSE IN THE PIL BILL OF**

25   **LADING.**

26   Since 1972, the United States Supreme Court has consistently ruled

27   that forum selection provisions in maritime contracts are enforceable.  The

28   Court has specifically held that a foreign arbitration clause in a maritime

1  bill of lading is enforceable and does not contravene the United States

2  Carriage of Goods by Sea Act ("COGSA"). <u>Vimar Seguros Y Reaseguros,</u>

3  <u>S.A. v. M/V SKY REEFER</u>, 515 U.S. at 535.  In upholding the enforcement

4  of the bill of lading's arbitration clause, the Court:  (1) held that nothing in

5  COGSA prevented the parties from agreeing to enforce the statute's obli-

6  gations in a particular forum; and (2) expressly rejected a line of cases

7  advancing the argument that foreign forum selection clauses tended to

8  lessen the carrier's liability under COGSA.  <u>Id.</u> at 535–39.

9       Although <u>SKY REEFER</u> concerned an arbitration clause in a bill of

10  lading, that arbitration clause required that the arbitration take place in

11  Tokyo.  Thus, the case was decided on a similar rationale and mandates

12  enforcement of the forum selection provisions in the instant case.  Indeed,

13  the Court in <u>SKY REEFER</u> expressly noted that foreign arbitration clauses

14  are merely a "subset" of foreign forum selection clauses.  <u>Vimar Seguros Y</u>

15  <u>Reaseguros, S.A. v. M/V SKY REEFER</u>, 515 U.S. at 534.

16       <u>SKY REEFER</u> essentially reaffirmed the Supreme Court's commit-

17  ment to enforce forum selection clauses in maritime bills of lading that it

18  had expressed nearly 25 years earlier.  In <u>The BREMEN v. Zapata Off-</u>

19  <u>Shore Co.</u>, 407 U.S. at 2, an American corporation, Zapata, and a German

20  corporation, Unterweser, entered into a towage contract for transport of

21  Zapata's oil rig from Louisiana to a location in the Adriatic Sea.  The con-

22  tract contained a forum selection clause which provided that any dispute

23  between the parties was to be submitted to the London High Court of

24  Justice.  When the rig sustained serious damage in a storm in the Gulf of

25  Mexico, Zapata instructed the BREMEN to tow the rig to Tampa, Florida.

26  <u>Id.</u> at 4.  Thereafter, Zapata brought a federal court admiralty action

27  against Unterweser in Tampa.  Unterweser invoked the charter party

28  ///

1  forum clause and moved to dismiss. The District Court denied Unterweser's
2  motion, and the Court of Appeals affirmed. Id. at 6.

3      The Supreme Court vacated and remanded, stating that ". . . in light
4  of present-day commercial realities and expanding international trade **we**
5  **conclude that the forum clause should control absent a strong**
6  **showing that it should be set aside."** The BREMEN v. Zapata Off-Shore
7  Co., 407 U.S. at 15 (emphasis added). In reaching this conclusion, the
8  Court advised that "[w]e cannot have trade and commerce in world markets
9  and international waters exclusively on our terms, governed by our laws
10  and resolved in our courts." Id. at 9. Accordingly, the Court concluded that
11  forum selection clauses are *prima facie* valid. Id. at 10; accord, Carnival
12  Cruise Lines, Inc. v. Shute, 499 U.S. at 589.

13      After noting that the record was devoid of factors militating against
14  enforcement of the forum selection clause, the Court remanded the case:
15      . . . to allow Zapata the opportunity to carry its heavy burden of
16      showing not only that the balance of convenience is strongly in
17      favor of trial in Tampa (that is, that it will be far more incon-
18      venient for Zapata to litigate in London than it will be for
19      Unterweser to litigate in Tampa), but also that a London trial
20      will be so manifestly and gravely inconvenient to Zapata that it
21      will be effectively deprived of a meaningful day in court. . . .
22  The BREMEN v. Zapata Off-Shore Co., 407 U.S. at 19; Tai Kien Indus. Co.
23  v. M/V HAMBURG, 528 F.2d 835, 836 (9th Cir. 1976).[2]
24  ///

25  _____

26  [2] In between The BREMEN in 1972 and SKY REEFER in 1995, the
    Supreme Court also upheld the enforceability of forum selection clauses in
27  ocean cruise lines' passenger ticket contracts in 1991. Carnival Cruise
    Lines, Inc. v. Shute, 499 U.S. at 596.
28

    KYL_LB1163577

1    The U.S. Ninth Circuit Court of Appeals and the lower federal courts

2    comprising the Ninth Judicial Circuit have also repeatedly enforced forum

3    selection clauses in maritime contracts, both before and following SKY

4    REEFER.  The Ninth Circuit enforced a similar forum-selection clause in

5    Fireman's Fund Insurance Co. v. M.V. DSR ATLANTIC, 131 F.3d 1336,

6    1339 (9th Cir. 1997), cert. denied, 525 U.S. 921 (1998).  There, the court

7    enforced a forum selection clause in a bill of lading requiring all disputes to

8    be litigated in Seoul, Korea.  Id. at 1340.  The court noted that litigation in

9    Korea was not a "serious inconvenience" for the plaintiff, and that the

10   unavailability of in rem proceedings in Korea was "not sufficient to require

11   us to set aside the forum selection clause on public policy grounds."  Id. at

12   1338.

13   Consequently, following SKY REEFER, forum selection clauses have

14   been routinely enforced in cases throughout the country.  Mitsui & Co.

15   (USA), Inc. v. M/V MIRA, 111 F.3d 33 (5th Cir. 1997) (enforcing London

16   forum selection clause in dispute arising from damage to steel shipped from

17   Russia to New Orleans); Pasztory v. Croatia Line, 918 F. Supp. 961, 963–66

18   (E.D. Va. 1996) (enforcing Croatian forum selection clause to cargo damage

19   claim); Great Am. Ins. Co. v. KAPITAN BYANKIN, 1996 AMC 2754, 2756–

20   57 (N.D. Cal. 1996) (enforcing Australian forum selection clause to

21   subrogation claim for damaged oranges); Seven Seas Ins. Co. v. Danzas

22   S.A., 1997 AMC 961, 962 (S.D. Fla. 1996) (enforcing Paris forum selection

23   clause); Talatala v. Nippon Yusen Kaisha Corp., 1997 AMC 1398, 1401–02

24   (D. Haw. 1997) (enforcing Tokyo District Court forum selection clause).

25   ///

26

27

28   ///

1.   **<u>The Forum Selection Clause in the PIL Bill of Lading is Mandatory and Enforceable, Formosa Cannot Prove Otherwise.</u>**

The forum selection clause in the PIL Bill of lading is mandatory as it specifies the proper fora for this dispute to the exclusion of all other jurisdictions.  A contractual forum selection clause is presumptively enforceable if the clause specifies venue with mandatory language.  <u>The BREMEN v. Zapata Offshore Co.</u>, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, (1972); <u>Docksider, Ltd. v. Sea Tech., Ltd.</u>, 875 F.2d 762, 764 (9th Cir. 1989).  Forum selection clauses are held to be clearly mandatory when they designate particular fora where suit may be brought while excluding all other jurisdictions.  <u>Docksider, Ltd. v. Sea Tech., Ltd.</u>, 875 F.2d 762, 764 (9th Cir. 1989); <u>Am. Home Assurance Co. v. TGL Container Lines, Ltd.</u>, 347 F. Supp. 2d 749, 757 (N.D. Cal. 2004).  Clause 29(2) of the PIL Bill of Lading specifies that any claim against the Third-Party Defendants, ***shall be determined by the Singapore courts <u>to the exclusion of the jurisdiction of the courts of another country</u>***.”  (Emphasis added.)  Because it specifies that suit may only be brought in Singapore to the exclusion of all other fora, the forum selection clause in the PIL Bill of Lading is mandatory, and therefore enforceable.

Forum selection provisions in bills of lading are deemed mandatory and exclusive even when they allow for suit in multiple fora.  <u>Am. Home Assurance Co. v. TGL Container Lines, Ltd.</u>, 347 F. Supp. 2d 749, 758–59 (N.D. Cal. 2004).  Clause 30(4) in the PIL Bill of Lading specifically references and then carves out an exception to Clause 29(2).  The exception provides for a single additional forum where suit may be brought on the condition that cargo is carried to or from the United States.  Clause 30(4) provides that, notwithstanding the Clause 29(2) requirement for suit to be

1    brought exclusively in Singapore, if cargo is carried to or from the United
2    States suit may also be brought in the United States District Court for the
3    Southern District of New York.  Because the cargo here was carried to the
4    United States, Clauses 29(2) and 30(4) of the PIL Bill of Lading mandate
5    that the only proper venue for any claims against the Third-Party
6    Defendants is in the courts of Singapore and the United States District
7    Court for the Southern District of New York.  Thus, the forum selection
8    provisions in the PIL Bill of Lading are mandatory and enforceable.
9        Clause 30(4) must be interpreted in conjunction with Clause 29(2).  A
10   plain reading of Clause 30(4) shows that it is intended to operate only as an
11   exception to Clause 29(2).  Clause 30(4) specifically refers to Clause 29(2) in
12   order point out that it is carving out a single exception to Clause 29(2).
13   Therefore, plaintiffs cannot pretend that Clause 30(4) is an isolated provi-
14   sion that should not be interpreted in conjunction with Clause 29(2).  The
15   exclusivity of a forum selection clause must be determined by examining all
16   the relevant provisions of the bill of lading.  See Am. Home Assurance Co. v.
17   TGL Container Lines, Ltd., 347 F. Supp. 2d 749, 758–59 (N.D. Cal. 2004)
18   (finding that the forum selection clause was mandatory and enforceable
19   after reviewing the interplay between multiple paragraphs of the bill of
20   lading); see also Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th
21   Cir. 1989).  Therefore, Clause 30(4) and Clause 29(2) must be interpreted in
22   conjunction with one another.
23       Plaintiff cannot show that the use of the word "may" in Clause 30(4),
24   makes the forum selection provisions in the PIL Bill of Lading permissive
25   rather than mandatory.  As discussed above "Clause 29(2) Law and
26   Jurisdiction" is clearly mandatory, as it designates the proper venue for
27   litigation to the exclusion of all other fora.  Employing permissive language
28   in a bill of lading only serves to designate a venue in which the parties have

1    submitted to jurisdiction.  <u>Docksider, Ltd. v. Sea Tech., Ltd.</u>, 875 F.2d 762,

2    764 (9th Cir. 1989).  Therefore, here the only effect of the use the word

3    "may" in Clause 30(4) is to establish that the Third-Party Defendants have

4    submitted to the jurisdiction of the United States District Court for the

5    Southern District of New York, in addition to the jurisdiction of the courts

6    of Singapore.

7         The fact that Clause 30(4) carves out a single additional forum where

8    suit "may" be brought, does not negate the exclusivity of the all encom-

9    passing language in Clause 29(2), and does not render the forum selection

10   provisions unenforceable.  Standing alone Clause 30(4) may not contain

11   sufficient language of exclusivity to qualify as an independent mandatory

12   forum selection clause; however, here Clause 30(4) does not stand alone and

13   is not meant to function as a forum selection clause in and of itself.  Rather,

14   Clause 30(4) simply acts as a subsection of Clause 29(2).  The text of

15   Clause 30(4) references Clause 29(2) to show that Clause 30(4) is meant

16   only as an exception to Clause 29(2) which provides a single additional

17   forum for suit.  The language of Clause 30(4) in no way revokes or

18   invalidates the all encompassing language of exclusivity contained in

19   Clause 29(2).  Therefore, plaintiffs cannot focus only on Clause 30(4) while

20   disregarding the mandatory and exclusive language contained in

21   Clause 29(2).

22        Examining the PIL Bill of Lading in its entirety reveals that as the

23   cargo here was shipped to the United States, venue is proper only before the

24   courts of Singapore and before the United States District Court for the

25   Southern District of New York.  By reading Clause 29(2) in conjunction with

26   Clause 30(4) it becomes clear that the PIL Bill of lading employs mandatory

27   language to designate the only fora where suit would be proper and that

28   venue is not proper before this court.

KYL_LB1163577

**B.   FORMOSA IS BOUND BY THE FORUM SELECTION PROVISIONS IN THE PIL BILL OF LADING.**

As Formosa alleges that it is a beneficiary under the PIL Bill of Lading, and is therefore entitled to all benefits, including contribution and/or indemnity under it, and as Formosa has commenced suit on the PIL Bill of Lading, Formosa is bound by its terms.

The Ninth Circuit has repeatedly held that a plaintiff "accepts" a bill of lading to which it is not a signatory by filing suit on the bill of lading. For example, in Kukje Hwaje Ins. Co. v. M/V HYUNDAI LIBERTY, 408 F.3d 1250, 1254 (9th Cir. 2005), the plaintiff filed an action *in rem* against the vessel *M/V HYUNDAI LIBERTY* as the subrogated insurer of the shipper of cargo that was allegedly damaged while the vessel was at sea. Id. at 1253–54. The district court dismissed the plaintiff's complaint based on the forum selection clause contained in the bill of lading, even though the plaintiff was not a named party on the face of the bill of lading and had no direct contractual relationship with the vessel, its owner, or the charterer. The Ninth Circuit affirmed the dismissal of the action based upon the fact that the plaintiff had affirmed the bill of lading by alleging in its complaint that the carrier had failed to deliver the cargo pursuant to its terms. Id. at 1254–55 (quoting All Pac. Trading, Inc. v. Vessel M/V HANJIN YOSU, 7 F.3d 1427, 1432 (9th Cir. 1993) for the proposition that "'[a]t the very least, Plaintiffs' initiation of this suit constituted acceptance of the terms of the Hanjin bills of lading' under the usual rule that 'a party may accept a contract by filing suit on the contract.'"); see also Mitsui & Co. (USA), Inc. v. M/V MIRA, 111 F.3d 33, 35–36 (5th Cir. 1997). Formosa has filed suit on the PIL Bill of Lading. Thus, Formosa has clearly accepted and affirmed the PIL Bill of Lading.

///

KYL_LB1163577

1   Furthermore, Formosa is bound by the terms of the PIL Bill of Lading
2   because Formosa is the designated consignee listed on the face of the PIL
3   Bill of Lading.[3]   The face of the PIL Bill of Lading, specifies that by accept-
4   ing the bill of lading, the:

5   > Merchant expressly accepts and agrees to all the terms and
6   > conditions hereof, including the terms and conditions on the
7   > reverse hereof, and the rights and liabilities arising in
8   > accordance with the terms and conditions hereof shall . . .
9   > become binding in all respects between the Carrier and the
10  > Merchant as thought the contract evidenced hereby had been
11  > made between them.

12  (Wang Decl., Exhibit "A" p. 1.)  The reverse terms of the PIL Bill of Lading
13  then define the term "Merchant" as follows:

14  > "Merchant" includes any Person who at any time has been or
15  > becomes the Shipper, Holder, Consignee, the Receiver of the
16  > goods . . . and any person acting on behalf of such person.

17  > "Person" includes an individual, company, group or other entity.

18  (Wang Decl., Exhibit "B" p. 2 ¶ 1.)  As Formosa is the designated consignee
19  on the PIL Bill of Lading, Formosa qualifies as a "Merchant" that has
20  agreed to accept the bill of lading terms.

21  Here, Formosa is party to the PIL Bill of Lading, Formosa falls within
22  the express terms of the PIL Bill of Lading, and has accepted the PIL Bill of
23  ///

24

25  [3] This is confirmed by paragraph 8 of Formosa's Third-Party Complaint
    which states:  "On or about March 27, 2007 Pacific issued its ocean bill of
26  lading PABV00000308 for the transportation of the subject container from
    Hong Kong to Long Beach, California.  Pacific's bill of lading was issued to
27  Honour Lane Shipping Ltd., with Formosa as consignee."
28

1  Lading by filing suit for breach of its terms.  Consequently, Formosa is
2  bound by the terms of the PIL Bill of Lading.

3     **C.**   **FORMOSA CANNOT OVERCOME ITS BURDEN OF**
4           **PROVING THAT ENFORCEMENT OF THE FORUM**
5           **SELECTION CLAUSE IS UNREASONABLE OR UNFAIR.**

6        To avoid enforcement of the forum selection clause in the PIL Bill of
7  Lading, Formosa bears a "heavy burden" of demonstrating that:  (1) it
8  would be far more inconvenient for it to litigate in a different forum than it
9  would be to litigate in California; and (2) that trial in the different forum
10  would be ". . . so manifestly and gravely inconvenient to [Formosa] that [it]
11  will effectively be deprived of a meaningful day in court."  <u>The BREMEN v.</u>
12  <u>Zapata Off-Shore Co.</u>, 407 U.S. at 19; <u>see also</u> <u>Carnival Cruise Lines, Inc. v.</u>
13  <u>Shute</u>, 499 U.S. at 591.

14        As the Supreme Court explained in <u>The BREMEN</u> and <u>SKY REEFER</u>,
15  contemporary principles of international comity and commercial practice
16  require that courts respect forum selection clauses in maritime contracts.
17  <u>The BREMEN v. Zapata Off-Shore Co.</u>, 407 U.S. at 15; <u>Vimar Seguros Y</u>
18  <u>Reaseguros, S.A. v. M/V SKY REEFER</u>, 515 U.S. at 537–38.  In fact, the
19  Court in <u>The BREMEN</u> explicitly stated:

20        There are compelling reasons why a freely negotiated private
21        international agreement, unaffected by fraud, undue influence,
22        or overweening bargaining power . . . should be given full effect.
23  <u>The BREMEN v. Zapata Off-Shore Co.</u>, 407 U.S. at 12–13; <u>accord</u>, <u>Carnival</u>
24  <u>Cruise Lines, Inc. v. Shute</u>, 499 U.S. at 591.

25        Formosa cannot meet this burden.  As it is not known when and where
26  the alleged theft occurred, there is no certain and direct factual connection
27  to any of the available forums involved in the transportation of the con-
28  tainer.  Accordingly, it will not be "far more inconvenient" for Formosa to

              KYL_LB1163577

1  litigate in Singapore than it would be for the Third-Party Defendants to

2  litigate in California as the availability of evidence and/or witnesses will be

3  derived from all the available forums rather than just from California.

4  Indeed, any alleged "convenience" of California may be completely illusory

5  depending upon where the alleged theft may have occurred (and, in any

6  event, it will not be "far more inconvenient").  Furthermore, Formosa cannot

7  demonstrate that a trial in Singapore, applying Singapore law, would

8  deprive it of its rights and/or of a "meaningful day in court."  Singapore is a

9  credible jurisdiction with a reliable legal system and judiciary that is based

10  upon English common law.  Indeed, the express application of Singapore

11  law in the PIL Bill of Lading further demonstrates that Formosa's rights

12  will be adequately protected both as to access to the courts and/or the

13  administration of justice in this matter.  Consequently, there is no question

14  that this Court should uphold the express mandate in the PIL Bill of Lading

15  forum selection clause and dismiss all claims against the Third-Party

16  Defendants.

17      **D.**    **FORMOSA'S THIRD-PARTY COMPLAINT MUST BE**

18          **DISMISSED BECAUSE THE INTERESTS OF JUSTICE**

19          **REQUIRE DISMISSAL NOT TRANSFER.**

20        The Court must dismiss Formosa's Third-Party Complaint because

21  Formosa is a sophisticated party that was represented by counsel when it

22  filed its third-party cargo claim in an improper venue.  28 U.S.C. § 1406(a)

23  provides that:

24        The district court of a district in which is filed a case laying

25        venue in the wrong division or district **shall dismiss**, or if it be

26        in the interest of justice, transfer such case to any district or

27        division in which it could have been brought.  (Emphasis added.)

28  28 U.S.C. § 1406(a).

KYL_LB1163577

As discussed, courts have consistently held that plaintiffs are the masters of their complaints and have summarily dismissed actions brought in improper fora. <u>The BREMEN v. Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972); <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585 (1991); <u>Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER</u>, 515 U.S. 528 (1995); and <u>Great Am. Ins. Co. v. KAPITAN BYANKIN</u>, 1996 AMC 2754, 2756–57 (N.D. Cal. 1996). Moreover, courts have consistently dismissed rather than transferred maritime cargo claims brought by sophisticated, represented plaintiffs in improper fora. In <u>American Home Assurance Co. v. TGL Container Lines, Ltd.</u>, 347 F. Supp. 2d 749 (N.D. Cal. 2004), the court was faced with practically identical circumstances to those which are present here. In <u>TGL</u>, plaintiffs filed an admiralty action in the Northern District of California seeking recovery for a damaged cargo shipment from an NVOCC under a bill of lading issued by the NVOCC to the plaintiffs. <u>Id.</u> at 754. As in the present dispute, the NVOCC brought a third-party complaint against the carrier. <u>Id.</u> As with the Third-Party Defendants' Motion to Dismiss, the <u>TGL</u> carrier moved to dismiss the NVOCC's third-party complaint pursuant to the terms of the forum selection clause contained in a separate the bill of lading issued by the carrier to the NVOCC. <u>Id.</u> at 757. As with the PIL Bill of Lading, the bill of lading issued by the carrier in <u>TGL</u> provided for multiple fora where suit could be brought, including a proper venue within the United States. <u>Id.</u> The bill of lading issued by the carrier in <u>TGL</u> provided for four possible fora, including London, England and Long Beach, California. <u>Id.</u> The NVOCC argued that the forum selection clause in the <u>TGL</u> bill of lading was invalid, and in the alternative argued that the case should be transferred to Long Beach rather than dismissed. <u>Id.</u> The court found that venue was improper pursuant to the terms of the carrier's bill of

///

KYL_LB1163577

1  lading and dismissed the NVOCC's third-party claims and the plaintiffs'

2  FRCP Rule 14(c) claims pursuant to FRCP 12(b)(3). <u>Id.</u> at 764.

3       In another case with similar circumstances, <u>Continental Ins. Co. v.</u>

4  <u>M/V ORSULA</u>, 354 F.3d 603 (7th Cir. 2003), the Seventh Circuit Court of

5  Appeals approved a district court's decision to dismiss rather than transfer

6  a maritime cargo claim brought against a carrier, even though dismissal

7  effectively barred the claim under the applicable statute of limitations. <u>Id.</u>

8  at 605 & 607–608. The court reasoned that dismissal rather than transfer

9  was proper under 28 U.S.C. § 1406(a) because plaintiff was a sophisticated

10 party that was represented by counsel. <u>Id.</u> at 607–08. The court further

11 reasoned that plaintiff's error of filing in the improper venue was "obvious,"

12 even though plaintiff had argued that the forum selection clause was

13 ambiguous and that it had substantially complied with its terms. <u>Id.</u>

14 Therefore, the interests of justice clearly require dismissal rather than

15 transfer of maritime cargo claims brought by sophisticated parties in

16 improper fora.

17      Here, Formosa is a sophisticated NVOCC that is regularly involved in

18 maritime cargo transactions and that regularly issues bills of lading in its

19 own name to its customers. Formosa is fully aware of the requirements and

20 ramifications of forum selection clauses in bills of lading. The bills of lading

21 Formosa issues to its customers (such as the bill of lading Formosa issued to

22 Tesoro here) contain a forum selection clause that specifies venue as United

23 States District Court for the State of California. Similarly, Formosa will be

24 aware that the bills of lading it regularly receives from carriers (like PIL)

25 will contain the carrier's forum selection clause. In addition, Formosa has

26 continuously been represented by counsel throughout the course of this dis-

27 pute. Therefore, Formosa must be deemed to have known and disregarded

28 the risks of filing its Third-Party Complaint in an improper forum and of

1 proceeding with the Third-Party Complaint rather than filing a protective
2 suit in a proper forum.  Like Formosa, Tesoro is also a sophisticated entity
3 engaged in international trade.  Tesoro is aware of the operation of forum
4 selection clauses as it validly commenced suit in the United States District
5 Court for the State of California as mandated by the terms in the bill of
6 lading issued by Formosa to Tesoro.  Tesoro has been represented by coun-
7 sel throughout this dispute and chose not to file any claims directly against
8 the Third-Party Defendants.[4]

9      As the parties here are all sophisticated, represented entities that are
10 regularly involved in maritime cargo transactions, the interests of justice
11 demand dismissal rather than transfer of all claims arising from the Third-
12 Party Complaint.  Plaintiffs cannot rely on cases such as <u>Roberson v.</u>
13 <u>Norwegian Cruise Line</u>, 897 F. Supp. 1285, 1289 (C.D. Cal. 1995), and its
14 progeny to argue that the interest of justice require transfer instead of dis-
15 missal.  These cases are clearly distinguishable because they do not involve
16 complex cargo disputes between sophisticated represented parties, but
17 instead involve personal injury claims and forum selection clauses con-
18 tained in cruise line passenger ticket contracts.  Therefore, because the
19 parties here are sophisticated entities that are represented by counsel, the
20 interest of justice demand dismissal rather than transfer.

22 ///

---

23 [4] Tesoro's level of sophistication and the fact that it has been represented by
24 counsel are not relevant to the Court's determination.  As discussed in
25 Section E of this motion, because Tesoro's claims against the Third-Party
    Defendants arise only under section FRCP Rule 14(c) they reset solely on
26 Formosa's Third-Party Complaint.  The dismissal of the Third-Party
27 Complaint bars Tesoro's FRCP Rule 14(c) claims.  <u>Am. Home Assurance Co.</u>
28 <u>v. TGL Container Lines, Ltd.</u>, 347 F. Supp. 2d 749, 764 (N.D. Cal. 2004).

1   **E.**     **<u>THE DISMISSAL OF FORMOSA'S THIRD-PARTY</u>**

2          **<u>COMPLAINT NECESSITATES DISMISSAL OF TESORO'S</u>**

3          **<u>CLAIMS UNDER FRCP RULE 14(c).</u>**

4       The dismissal of Formosa's Third-Party Complaint requires the dis-

5   missal of all claims against the Third-Party Defendants, including Tesoro's

6   claims under FRCP Rule 14(c). <u>See Am. Home Assurance Co. v. TGL</u>

7   <u>Container Lines, Ltd.</u>, 347 F. Supp. 2d 749, 764 (N.D. Cal. 2004) (holding

8   that the doctrine of ancillary venue under FRCP Rule 14(c) cannot be a

9   basis for retaining jurisdiction over a third-party defendant when the third-

10  party complaint is dismissed, even where venue may be proper between the

11  plaintiff and the defendant).  Therefore, the dismissal of Formosa's Third-

12  Party Complaint necessitates the dismissal of all claims alleged against the

13  Third-Party Defendants including any claims arising under FRCP

14  Rule 14(c).

15

16                    **IV.**

17            **<u>CONCLUSION</u>**

18       Based on the foregoing analysis and authorities, the Third-Party

19  Defendants respectfully request that this Court dismiss the Third-Party

20  Complaint and all claims alleged by Formosa and Tesoro pursuant to the

21  forum selection clause contained in the PIL Bill of Lading governing the

22  shipment of goods at issue in this lawsuit.

23

24  DATED: August 4, 2008

25                       WILLIAM H. COLLIER, JR.

26                       STEFAN PEROVICH
                           KEESAL, YOUNG & LOGAN

27                       Attorneys for Third-Party
                           Defendants PACIFIC

28                       INTERNATIONAL LINES (PTE)
                           LTD. and WAN HAI LINES LTD.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

On August 4, 2008, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD-PARTY PLAINTIFFS' COMPLAINT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Arthur A. Leonard
Forgie & Leonard LLP
233 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
(310) 319-9125

Susan Kohn Ross
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90067
(310) 342-6505

☒     BY CM/ECF:  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on August 4, 2008 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*Elaine Vincello*

ELAINE VINCELLO